T.C. Memo. 2003-140

UNITED STATES TAX COURT

CHARLES JOHNS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9814-02.                    Filed May 19, 2003.

<u>Robert E. Salad</u> and <u>Joel L. Schwartz</u>, for petitioner.

<u>Carol-Lynn E. Moran</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax of $276,387 for 1998.  The only issue for our decision is whether the amounts that petitioner received in exchange for his assignments of his rights to receive certain future annual lottery payments represent ordinary income or capital gains.

This case was submitted fully stipulated under Rule 122.[1] The stipulation of facts and the attached exhibits are incorporated by this reference. At the time of filing the petition, petitioner resided in Cherry Hill, New Jersey.

On December 7, 1992, petitioner won $9,397,987.40 in the New Jersey State Lottery's (NJSL) Pick-6 Lotto Drawing. According to rules and regulations governing the NJSL in 1992, petitioner was to receive the lottery winnings in 20 annual pretax installments: The first installment was $467,987.40, and the remaining 19 annual installments were $470,000 each. Petitioner had purchased his winning lottery ticket for $1.

According to New Jersey State law, petitioner was required to obtain approval from the Superior Court of New Jersey before he could transfer his rights to receive future lottery winnings. Petitioner obtained the superior court's approval to assign his lottery prize payments to Singer Asset Finance Co., L.L.C. (Singer).

On December 23, 1996, petitioner assigned his rights to receive three of the annual lottery payments of $470,000 each, scheduled to be made on December 8 or 9 of 1998, 1999, and 2000, to Singer in exchange for $1,113,500. On August 27, 1997,

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as amended.

petitioner assigned his right to receive one annual lottery payment of $470,000, scheduled to be made on December 8, 2001, to Singer in exchange for $386,500. Petitioner received $1.5 million in payments from Singer in 1998 pursuant to those agreements. Petitioner reported the $1.5 million in payments from Singer as long-term capital gain on Schedule D, Capital Gains and Losses, of his 1998 Federal income tax return. Respondent determined that those payments are ordinary income to petitioner.

Petitioner agrees that the facts of our recent opinion in Davis v. Commissioner, 119 T.C. 1 (2002), are "nearly identical" to the facts in the instant case. In Davis, we held that the taxpayers' right to receive certain future annual lottery payments did not constitute a capital asset within the meaning of section 1221 and that the lump-sum amount that the taxpayers received for their right to receive the future annual lottery payments was ordinary income and not capital gain. Id. at 7.

Petitioner asks us to revisit our opinion in Davis, because the taxpayer in that case did not argue, and we did not consider, whether the winning lottery ticket was a capital asset, and because of our interpretation of the U.S. Supreme Court opinion in Ark. Best Corp. v. Commissioner, 485 U.S. 212 (1988). Petitioner contends that the winning lottery ticket is "property"

under section 1221[2] and a capital asset, that he sold a partial interest (20 percent) in the winning lottery ticket, and that the gain on this sale is long-term capital gain and not ordinary income.  We disagree.

First, we shall not, at this time, revisit our holding in Davis v. Commissioner, supra.  Further, we agree with respondent that the facts in the instant case are indistinguishable from the facts of Davis.  Although petitioner claims he sold a partial interest in his winning lottery ticket, it is clear from the record that he obtained court approval for the assignment of his rights to receive four of the future annual lottery payments of $470,000 each.  He then assigned those rights to Singer for $1.5 million.  Pursuant to our holding in Davis, we hold that the amounts that petitioner received for his rights to the future annual lottery payments represent ordinary income and not capital gains.  See also Boehme v. Commissioner, T.C. Memo. 2003-81.

Decision will be

entered for respondent.

---

[2]Sec. 1221 defines the term "capital asset" generally as "property held by the taxpayer (whether or not connected with his trade or business)", but excludes five specific items which are not relevant to this case.