T.C. Memo. 2005-261

UNITED STATES TAX COURT

SHIRLEY B. PREBOLA n.k.a. SHIRLEY D. BEGY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4117-04.                    Filed November 8, 2005.

<u>Gerald W. Dibble</u>, for petitioner.

<u>Kevin M. Murphy</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of
$1,310,766 in petitioner's Federal income tax for 2000.  The
deficiency was attributable to respondent's recharacterizing the
lump-sum proceeds received by petitioner for the sale of rights
acquired from the New York State lottery as ordinary income
instead of capital gain.  Unless otherwise indicated, all section

references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This case was submitted fully stipulated under Rule 122. The stipulated facts are incorporated as our findings by this reference. Petitioner resided in Rochester, New York, at the time that she filed her petition.

On May 31, 1997, petitioner won $17.5 million in the New York State Lottery. Petitioner was entitled to receive 26 annual payments totaling $17.5 million that began in June 1997 and will end in May 2022. Petitioner received annual lottery payments for 1997 through 1999. She reported those payments as ordinary income on her income tax returns for each of those years.

On January 14, 2000, petitioner sold all of her then remaining lottery rights to Settlement Funding LLC (Settlement Funding) of Norcross, Georgia, for a lump-sum payment of $7.1 million. This sale was pursuant to an agreement between the parties dated November 4, 1999, and a New York Supreme Court Order dated November 29, 1999. Settlement Funding issued to petitioner a Form 1099-B, Proceeds From Broker and Barter Exchange Transactions, for 2000. The Form 1099-B listed proceeds from the sale of "Stocks, bonds, etc." of $7.1 million.

Petitioner filed Form 1040, U.S. Individual Income Tax Return, for 2000. On Schedule D, Capital Gains and Losses, attached to that return, petitioner reported the sale of her lottery rights as a long-term capital gain of $7.1 million. The Internal Revenue Service determined that petitioner's income from the sale of the lottery rights was includable as ordinary income, not as a capital gain.

## Discussion

The parties dispute whether petitioner's receipt of $7.1 million in exchange for the assignment of her right to receive future lottery installment payments to Settlement Funding constitutes ordinary income or capital gain. Resolution of this issue depends on whether petitioner's right to receive the remaining lottery installment payments was a capital asset within the meaning of section 1221.

Petitioner's argument that the assignment of the right to receive the remaining payments was the sale of a capital asset purports to apply the "parameters" but disputes the reasoning in United States v. Maginnis, 356 F.3d 1179 (9th Cir. 2004). In Maginnis, the Court of Appeals held that, under the substitute for ordinary income doctrine, the sale of a right to future lottery payments should be taxed as ordinary income. Id. at 1187. (Under the substitute for ordinary income doctrine, a court will narrowly construe the term "capital asset" when a

taxpayer makes an attempt to transform ordinary income into capital gain.  See Commissioner v. P.G. Lake, Inc., 356 U.S. 260, 265 (1958).)  The Court of Appeals found that there was no sale of a capital asset because there was no underlying investment of capital in return for the receipt of the lottery ticket and because the sale did not reflect an increase in value over cost to any underlying asset held by the taxpayer.  Id. at 1183.

Petitioner argues that her right to receive future lottery payments in this case was a capital asset because her purchase of the lottery ticket was an underlying investment in capital. Further, petitioner argues that there was an increase in value above the cost of any underlying asset she held because "the assigned payments appreciated in value due to impersonal market forces".  Finally, petitioner argues that respondent's reliance on the substitute for ordinary income doctrine is misplaced.

In Maginnis, the taxpayer assigned his right to receive the remaining installments of a lottery prize to a third party in exchange for a lump-sum payment.  The Court of Appeals held that the taxpayer could not argue that a purchase of a lottery ticket was a capital investment.  Id.  Further, because the Court of Appeals held that the lottery ticket was not a capital investment, it also held that there was no "cost" to the taxpayer for the right to receive the future lottery payments.  Therefore, the money received for the sale of the right could not be seen as

reflecting an increase of value above the cost of any underlying asset.  Id. at 1184; see also Watkins v. Commissioner, T.C. Memo. 2004-244 (taxpayer's right to receive future annual lottery payments did not constitute a capital asset); Clopton v. Commissioner, T.C. Memo. 2004-95; Boehme v. Commissioner, T.C. Memo. 2003-81.  Petitioner's arguments fail to distinguish her situation from that of the taxpayer in Maginnis.

Additionally, the governing facts in the instant case are indistinguishable from the facts in Davis v. Commissioner, 119 T.C. 1 (2002), and other cases, in which a taxpayer assigned a right to future lottery installment payments in return for a lump-sum payout at a discounted value from a third party.  We held in each of these cases that a right to future lottery installment payments did not constitute a capital asset within the meaning of section 1221.  See Wolman v. Commissioner, T.C. Memo. 2004-262; Watkins v. Commissioner, supra; Lattera v. Commissioner, T.C. Memo. 2004-216; Clopton v. Commissioner, supra; Simpson v. Commissioner, T.C. Memo. 2003-155; Johns v. Commissioner, T.C. Memo. 2003-140; Boehme v. Commissioner, supra.  It is unnecessary to repeat the thorough analysis set forth in Davis v. Commissioner, supra.  Petitioner has not attempted to distinguish Davis and the other cases, instead arguing analogies to cases in different contexts.  We see no reason to depart from the consistent treatment of identical issues.  We hold that the

$7.1 million received by petitioner from Settlement Funding in exchange for petitioner's right to receive the remaining lottery installment payments is ordinary income and not capital gain.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>